# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF A COMPLAINT OF HARRY ELMER WILLIAMS AND TAMARA WILLIAMS, REGISTERED OWNERS of the 1988 53-foot Hyundai Elegante MK V, HIN: HTG49015B888, Official Number: 937193, named "OCEAN VENTURES," her engines, tackle, apparel, etc. in a cause of Exoneration From or Limitation of Liability, | Case No. 11cv00984-BTM (WMc)<br><br>**ORDER CLARIFYING MANDATORY SETTLEMENT CONFERENCE REQUIREMENTS** |

An *in-person* Mandatory Settlement Conference ("MSC") shall be conducted on *November 5, 2012 at 9:15 a.m.* in the chambers of Judge William McCurine, Jr. Counsel shall submit simultaneous, confidential settlement briefs directly to chambers. Counsel shall submit their briefs no later than ten (10) days before the MSC. The briefs shall set forth the party's statement of the case and the party's settlement position, including the last offer or demand made by that party and a separate statement of the offer or demand the party is prepared to make at the MSC. MSC briefs shall not exceed ten (10) pages in length, and shall not include exhibits or attachments. *All parties and claims adjusters for insured defendants and representatives with complete authority to enter into a binding settlement*, as well as the principal attorney (s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC.  "Full authority to settle" means that the individuals at the settlement conference must be authorized to

fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001). Any special arrangements desired in cases where settlement authority rests with a governing body shall be proposed in advance.

Finally, the Court has not set any conferences or hearings in this action for August 28, 2012. Counsel is free to contact Judge McCurine's chambers at anytime to discuss the prospect of setting a settlement conference before or after the November 5, 2012 MSC.

**IT IS SO ORDERED.**

DATED: August 3, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court