UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF A COMPLAINT OF HARRY ELMER WILLIAMS and TAMARA WILLIAMS, REGISTERED OWNERS of the 1988 53-foot Hyundai Elegante MK V, HIN: HTG49015B888, Official Number: 937193, named *"OCEAN VENTURES"*, her engines, tackle, apparel, etc. in a cause of Exoneration From or Limitation of Liability | CASE NO. 11-CV-00984 BTM (WMc)<br><br>**FINAL PRETRIAL ORDER**<br><br>Honorable Barry Moskowitz<br><br>Pretrial Conference Date:   February 26, 2013<br>Pretrial Conference Time:   4:00pm |

Pursuant to the Court's scheduling order, the parties submit the following Proposed Pretrial Order.

Following pretrial proceedings pursuant to Fed.R.Civ.P. 16 and Civil Local Rule 16.1.f.6.

IT IS ORDERED:

I.      Nature of Action:

This is an action for limitation of liability pursuant to 46 U.S.C. §183(a) arising out of a boat fire on or about March 24, 2011.

    A.  The remaining parties are:

       (1) Harry and Tamara Williams (plaintiffs in limitation)

       (2) Continental Insurance Company (claimant)

       (3) The Standard Fire Insurance Company (claimant)

       (4) Robert Witkop (claimant)

-1-

FINAL PRETRIAL ORDER

B. The relevant pleadings which raise the issues are:

    (1) Complaint for Exoneration From or Limitation of Liability filed by Harry and Tamara Williams

    (2) Claim and Answer of Continental Insurance Company

    (3) Claim and Answer of the Standard Fire Insurance Company

    (4) Claim and Answer of Robert Witkop

II. Federal jurisdiction and venue are invoked upon the following grounds: Admiralty jurisdiction exists under 46 U.S.C. § 3501 et seq. The fire incident and damages occurred on a navigable waterway in the City of San Diego.

III. The following facts are admitted and require no proof:

A. "Ocean Ventures" is a 1988, 53-foot Hyundai Elegante MK V, HIN: HTG49015B888, Official Number: 937193.

B. At all times relevant, "Ocean Ventures" was located within the jurisdiction of the United States District Court Southern District of California. More specifically, the vessel was located on the navigable waterways of San Diego Bay.

C. On March 24, 2011, a fire started aboard the vessel "Ocean Ventures," which was owned by plaintiffs in limitation, Harry and Tamara Williams, while docked in Coronado Loews Marina. The fire quickly spread to adjacent boats owned or insured by the Claimants in this case.

D. On the evening of the incident, Mr. and Mrs. Williams, their daughter and their dog, were aboard their vessel "Ocean Ventures" in its slip at Coronado Loews Marina. Mr. Williams smelled an electrical type of smoke and unplugged a small portable floor heater, thinking that might be the cause of the smell. He then plugged in another small heater. Soon thereafter, Mr. Williams noticed smoke coming from the baseboards along the starboard side of the salon and from the starboard side head, which was amidships. The exact source of the smoke could not be found, so Mr. Williams and his family prudently exited the vessel. As they did, Mr. Williams

turned the shore power breaker off at the dock.  The Williams' vessel then caught fire.  The blaze engulfed the vessel and subsequently caused damage to other boats and property, including those owned or insured by Claimants.

E.  The cause of the fire likely was electrical.  The fire started either at the shore power connector on the starboard side of the vessel or in the wiring on the interior of the vessel adjacent to the shore power connector.

F.  Claimants' vessels were damaged by the fire that started aboard the "Ocean Ventures."  Claimants have no comparative fault with respect to the cause of the damage to their respective vessels.

G.  Claimant Continental Insurance Company ("Continental") is the subrogated insurer for the vessel owned by Robert Witkop.  Continental's damages as a result of the fire are $82,180.10.

H.  Claimant Standard Fire Insurance Company ("Standard") is the subrogated insurer for the vessel owned by Craig Dever.  Standard's damages as a result of the fire are $80,887.03.

I.  Claimant Robert Witkop was the owner of a 1981 45 foot motor yacht name "Proper Toi," which was one of the vessels destroyed by the fire that originated on "Ocean Ventures."

IV.   The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:

A.  The "Ocean Ventures" was over 20 years old at the time of the incident.  Mr. Williams owned the vessel for the 6-year period before the fire.  Mr. Williams had never inspected, or arranged for inspection, of the shore power connector wiring immediately internal to the vessel.

B. Mr. Williams had replaced the shore power cable a disputed number of times before the subject fire because of scorching damage at the connector to the starboard side of the vessel.

C.  Mr. Williams did not hire a marine electrician or surveyor to evaluate the prior electrical scorching incidents with the cable connectors.

D.  Mr. Williams inquired about the scorching issues with a salesman at a marine hardware store (West Marine), who recommended that he replace the cable.

V. The following issues of fact, and no others, remain to be litigated upon the trial:

    A. The specific cause and origin of the fire.

    B. The number of times Mr. Williams had previously replaced the vessel power cables and/or female cable connectors due to scorching damage.

    C. Whether the prior scorching events with the shoreside power cable and/or connectors gave Mr. Williams sufficient notice that he needed to retain an electrician, surveyor, or other marine expert to investigate and evaluate the problem.

    D. Whether the actual fire was causally related to overheating of the shoreside power cable and/or starboard electrical power inlet on the vessel.

    E. Whether the internal wiring of the vessel immediately adjacent to the starboard electrical power inlet on the vessel had been damaged over time as a result of the prior cable scorching events.

    F. The value of Robert Witkop's vessel and personal property that were damaged above and beyond the $65,000 agreed value with Continental.

VI. Witnesses and Depositions

The parties expect to call the following witnesses at trial, who will testify on the following topics, which are generally described and without limitation:

    1. <u>Harry Williams</u>: Mr. Williams will testify regarding his purchase, use and overall ownership of "Ocean Ventures". He will testify regarding his experience with other vessels as well as his experience with any electronic issues pertaining to shore power cords for the vessel "Ocean Ventures". His deposition has been taken by Claimants.

    2. <u>Fred Herrera</u>: Mr. Herrera will testify as an expert regarding the cause and origin of the fire which started on "Ocean Ventures". His deposition has been taken by Claimants.

    3. <u>Todd Schwede</u>: Mr. Schwede will testify as both a percipient and an expert regarding his investigation into the fire aboard "Ocean Ventures". He is a certified Marine Surveyor and coordinated the vessel inspections by all parties. His deposition has been taken by

1  Claimants.

2      4. <u>John Bradshaw</u>: Mr. Bradshaw will testify as both a percipient and an expert
3  regarding his investigation into the fire aboard "Ocean Ventures." He is a certified Marine
4  Surveyor and participated in the inspection by all parties.

5      5. <u>Rick Grunbaum</u>: Mr. Grunbaum will testify as an expert regarding the cause and
6  origin of the fire which started on "Ocean Ventures."

7      6. <u>Robert Witkop:</u> Mr. Witkop will testify regarding his purchase, use and overall
8  ownership experience of "Proper Toi". Mr. Witkop will testify that the vessel was destroyed in the
9  fire that originated on the Williams' vessel. Mr. Witkop will testify as to the condition, shape,
10 equipment on the vessel and his opinion regarding value. Mr. Witkop will also testify as to why he
11 had the boat insured at the agreed upon value at the time of the fire. Mr. Witkop will also testify to
12 what personal property was on the vessel and lost as the result of the sinking of his vessel and the
13 value of said personal property. Mr. Witkop will also authenticate a list of the personal property so
14 lost. Mr. Witkop will also testify as the Williams' vessel, what he was aware off regarding prior
15 electrical issues and what Mr. Williams told him regarding those issues.

16     7. <u>Patricia Andreoni:</u> Mrs. Andreoni will testify as to the condition of "Proper Toi" at
17 the time of its destruction by fire. Mrs. Andreoni will also testify as to the personal property that
18 was on the vessel at the time and the value thereof.

19     8. <u>Ed Howland:</u> Mr. Howland will testify as a percipient witness regarding what
20 observations he had made and what conversations he had with Mr. Williams regarding the
21 electrical issues on the Williams' vessel prior to the date of the fire. He will also testify as to some
22 of the personality located on the Witkop Vessel.

23     9. <u>Kells W. Christian:</u> Mr. Christian is a marine surveyor and will testify as to value of
24 Witkop's vessel as of the date of its sinking and will authenticate his valuation report and Claim
25 Assistance Report including photos. He will also testify as to his observations and conversations
26 he overheard or participated in re; condition of the William's vessel and fire causation.

27 ///

28 ///

-5-

FINAL PRETRIAL ORDER

VII.   The exhibits to be offered at the trial, together with a statement of all admissions by and all issues between the parties with respect thereto are set forth below.  The parties have stipulated to the authenticity of the listed exhibits:

    1.  Fred Herrera Fire Investigations Cause and Origin Report;

    2.  Photographic evidence taken by Fred Herrera, CFI;

    3.  Declaration of Value executed by Todd Schwede;

    4.  All exhibits attached to deposition transcripts of all deposed witnesses;

    5.  Photographic evidence taken by Todd Schwede;

    6.  Physical items taken from "Ocean Ventures" retained and stored by Fred Herrera;

    7.  Survey Report prepared by John Bradshaw, including photographs;

    8.  Fire Origin and Cause report prepared by Rick Grunbaum, including photographs and attachments;

    9.  Christian & Co Marine Surveyors report;

    10. Itemization of all personal property located on the vessel "Proper Toi" at the time of the fire; and

    11. Christian & Company Claim Assistance Report.

VIII.   The following issues of law, and no others, remain to be litigated upon the trial:

    1. The Limitation of Liability Act ("LOLA"), and more specifically 46 U.S.C. §183(a), provides in relevant part:

> The liability of the owner of any vessel, whether American or foreign, for any . . . loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

    2. The LOLA permits a vessel owner to limit his or her liability for loss or damage caused by that vessel to the value of the vessel immediately after the incident, provided he or she is

without "privity or knowledge" with respect to causing the incident. Claimants seeking to impose liability have the initial burden of proving negligence or unseaworthiness caused the loss; once established the burden then shifts to the vessel's owner to prove lack of privity or knowledge.

3. The determination of whether liability is to be limited is a two-step analysis by the court: (1) what, if any, acts of negligence or conditions of unseaworthiness caused the accident, and (2) whether the vessel owner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness. *In re Moran Towing Corp.,* 166 F.Supp. 2d 773 (E.D.N.Y. 2001); *In re Sause Brothers Ocean Towing* (D.Or. 1991) 769 F.Supp. 1147, 1151.

IX. Legal Contentions.

1. Claimants contend that based on the facts of this case, the fire occurring aboard the docked vessel is a *res ipsa loquitur* case of negligence. Moreover, the admiralty doctrine of unseaworthiness is a form of strict liability that requires the owner of a vessel to ensure that a vessel and its appurtenant equipment and appliances are "reasonably fit for her intended service." *Usner v. Luckenbach Overseas Corp.* (1971) 400 U.S. 494, 499. Spontaneous fires do not occur aboard vessels in the absence of negligence or unseaworthiness.

2. Claimants contend that, "When an owner is in control of and operating his pleasure craft he has privity or knowledge with respect to its operation, therefore he is not entitled to limitation for accidents arising from his negligence." *Complaint of Ingoglia* (1989) 723 F.Supp. 512, 514.

3. Plaintiffs' in Limitation contend a vessel owner need not prove the specific cause of the loss and it was without privity and knowledge to that cause: if the basis for liability is found to be a general condition, such as a finding of "unseaworthiness" of the vessel, the specificity of the claimants' proof of liability determines the level of specificity at which the vessel owner must prove lack of privity and knowledge. *Carr v. PMS Fishing Corp.* 1 F.3d 1 (1st Cir. 1999).

4. Plaintiffs' in Limitation contend proof of unseaworthiness of the vessel does not in itself defeat the right to limitation, but shifts the burden to the vessel owner to prove lack of privity and knowledge. *Keys Jet Ski, Inc. v. Kays* 893 F.2d 1225 (11th Cir. 1990). A vessel owner has

-7-
FINAL PRETRIAL ORDER

1  privity in an unseaworthy condition "if he personally participated in the negligent conduct or
2  brought about the unseaworthy condition." *In re Omega Protein, Inc. v. Samson Contour Energy*
3  *E&P, LLC* 548 F.3d 361 (5th Cir. 2008).

4      5. Plaintiffs-in-Limitation contend that, "Privity" under the Act has been defined as
5  follows: "…personal participation of the owner in some fault, or act of negligence, causing or
6  contributing to the loss, or some personal knowledge or means of knowledge, of which he is bound
7  to avail himself or a contemplated loss, or a condition of things likely to produce or contribute to
8  the loss, without adopting appropriate means to prevent it." *Lord v. Goodall, Nelson & Perkins*
9  *S.S. Co.*, 15 F. Cas, 8, 506 (C.C. Cal. 1877); See also, petition of *M/V Sushine II*, 808 F.2d 762
10  (11th Cir. 1987).

12      X. The foregoing admissions having been made by the parties, and the parties having
13  specified the foregoing issues of fact and law remaining to be litigated, this order must supplement
14  the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest
15  injustice.

18  Dated: February 26, 2013

*[signature]*
The Honorable Barry Ted Moskowitz
United States District Judge

-8-
FINAL PRETRIAL ORDER

APPROVED AS TO FORM AND CONTENT:

Dated: February 19, 2013          ALCANTARA & ASSOCIATES, APC

                                              s/James W. Alcantara
                                              James W. Alcantara, Esq.
                                              Attorneys for Plaintiffs-in-Limitation
                                              HARRY ELMER WILLIAMS and TAMARA WILLIAMS


Dated: February 19, 2013          LAW OFFICES OF DAVID S. PORTER

                                              s/ David S. Porter
                                              DAVID S. PORTER, ESQ.
                                              Attorney for CONTINENTAL INSURANCE COMPANY


Dated: February 19, 2013          LAW OFFICES OF JOHN A. BAIRD

                                              s/ Carol L. Gatz
                                              CAROL L. GATZ, ESQ.
                                              Attorney for
                                              THE STANDARD FIRE INSURANCE COMPANY


Dated: February 19, 2013          MCDONNELL & ASSOCIATES

                                              s/ Michael B. McDonnell
                                              MICHAEL B. MCDONNELL, ESQ.
                                              Attorney for ROBERT WITKOP